

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed July 12, 2018**

**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RICHARD K. ARCHER and | § | CASE NO. 17-20045-RLJ-7 |
| RUTH E. ARCHER, | § | |
| | § | |
| Debtors. | § | |

### AGREED ORDER ON TRUSTEE'S OBJECTION TO DEBTORS' CLAIMED EXEMPTIONS

Kent Ries, Trustee of the referenced Chapter 7 bankruptcy estate, filed his Objection to Debtors' Claimed Exemptions on April 27, 2017 (the "Objection"). The Objection relates to the Debtors' exemption claims on their 1) homestead lots, 2) vehicles, 3) personal property limitations and 4) retirement plan.

The parties have reached an agreement on the Objection, which was announced to the Court at the docket call on this contested matter held on June 14, 2018, as follows:

1.  As to the homestead lots and vehicles, a motion to compromise will be noticed

under Bankruptcy Rule 9019 whereby the Trustee will dismiss this portion of the Objection as to these assets, in exchange for a sum of funds to be described in the Motion to Compromise. Pending Court approval and performance of that compromise, this portion of the Objection is to be abated. If such compromise is not approved by the Court, or timely performed by the parties, the parties will request the abatement be removed by the Court so that the Objection as to these assets can be determined.

2. The Objection based on the Debtors' personal property values being in excess of the dollar limits under Texas Law is hereby withdrawn by the Trustee.

3. The Objection to the Debtors' retirement plan, known generically as the Richard K. Archer Profit Sharing (the "Trust"), is hereby sustained. This result is based on discovery taken during this contested matter, and the May 30, 2018 determination by the Internal Revenue Service that the Trust is disqualified under IRC Section 401(a) since the Trust's inception. Therefore, the Trust, and all assets of the Trust, are not exempt under the Bankruptcy Code and are property of the bankruptcy Estate. Further, the Debtors agree to cooperate with the Trustee, as reasonably necessary, to transition the operation of these assets to the bankruptcy Estate. This cooperation includes the turnover of leases, insurance, maintenance and other relevant records related to these assets, and the execution of any contracts, deeds, or other relevant documents related to these assets.

4. The Trustee agrees to comply with Sections 507 and 726 of the Bankruptcy Code regarding the priority and payment of claims.

It is therefore

**ORDERED, ADJUDGED AND DECREED,** that pending a motion to compromise under Bankruptcy Rule 9019 whereby the Trustee will dismiss his Objection to the homestead lots and vehicles in exchange for a sum of funds to be described in the compromise, this portion of the Objection is hereby abated. If such compromise is not approved by the Court, or timely performed by the parties, the parties will request the abatement be removed and further request the Court schedule a hearing for determination of this portion of the Objection. It is further

**ORDERED, ADJUDGED AND DECREED,** that the Objection based on the Debtors' personal property values being in excess of the dollar limits under Texas Law is hereby withdrawn by the Trustee. It is further

**ORDERED, ADJUDGED AND DECREED,** The Objection to the Debtors' retirement plan, known generically as the Richard K. Archer Profit Sharing (the "Trust"), is hereby sustained. Therefore, the Trust, and all assets of the Trust, are not exempt under the Bankruptcy Code and are property of the bankruptcy Estate. Further, the Debtors agree to cooperate with the Trustee, as reasonably necessary, to transition the operation of these assets to the bankruptcy Estate. This cooperation includes the turnover of leases, insurance, maintenance and other relevant records related to these assets, and the execution of any contracts, deeds, or other relevant documents related to these assets.

# # # End of Order # # #

Prepared By:

Kent Ries, Attorney at Law
State Bar No. 16914050
2700 S. Western St., Suite 300
Amarillo, Texas 79109
(806) 242-7437
(806) 242-7440 - Fax

COUNSEL FOR TRUSTEE

AGREED:


/s/ Kent Ries
Kent Ries, Attorney for Trustee


/s/ Pat Swindell
Pat Swindell, Attorney for Debtor