

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 30, 2023**

**United States Bankruptcy Judge**

___

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Richard K. Archer and | § | Case No.: 17-20045-RLJ-7 |
| Ruth E. Archer, | § | |
| | § | |
| | § | |
| Debtors. | § | |

**ORDER REGARDING TRIAL SETTING**
**AND SCHEDULING ORDER**

On May 23, 2023, the Court issued an order invoking adversary proceeding rules for the issues between the chapter 7 trustee, Kent Ries ("Trustee"), and the United States on behalf of the Internal Revenue Service in the Trustee's Motion to (1) Marshal Assets of the Debtors, (2) Determine Claim of the Internal Revenue Service, and (3) Determine Liability Under Filed Estate Tax Returns [ECF No. 117]. Under the May 23 order, all adversary proceeding rules in Part VII of the Federal Rules of Bankruptcy Procedure are invoked in this matter and will govern the litigation to determine a claim of the Internal Revenue Service, tax liability under filed estate tax returns, and the United States' counterclaim for erroneous refund. ECF No. 137. The order further provides that the Court will issue a scheduling order. It is, therefore,

1

**ORDERED** as follows:

**TRIAL** is set before the Honorable Robert L. Jones at 205 SE 5th Avenue, Amarillo, Texas 79101 in January 2024. Trial Docket Call will be held on the Court's Amarillo docket on **January 11, 2024** at 1:30 PM via WebEx or other video means.[1] The date(s) and time for trial will be determined at Trial Docket Call. A pretrial conference shall be scheduled by the parties at least seven (7) calendar days prior to Trial Docket Call in a complex proceeding if the parties anticipate that trial will exceed one day or if there are preliminary matters that should be addressed by the Court prior to the commencement of trial.

**PART I: GENERAL PROVISIONS GOVERNING DISCOVERY**

1. Unless otherwise ordered by the Court, the disclosures required by Federal Bankruptcy Rule 7026(a) shall be made within fourteen (14) days of the entry of a scheduling order, including the Alternative Scheduling Order contained in Part II below (which shall become effective on the forty-sixth day following the entry of this Order).

2. Unless the parties agree or the Court orders otherwise, Federal Rule of Bankruptcy Procedure 7026(f) requires that parties shall confer to consider the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Federal Bankruptcy Rule 7026(a)(1), to develop a proposed discovery plan, and to submit a proposed scheduling order. The parties shall confer with each other regarding these matters within thirty (30) days of this Order unless the Court orders otherwise.

3. During such conference, the parties may agree to waive the requirement of submitting their own proposed scheduling order and may follow the terms and deadlines contained in the Alternative Scheduling Order set forth in Part II below (the "Alternative Scheduling Order"). If the parties do not submit a proposed scheduling order or do not schedule a status conference with the Court to discuss the provisions and deadlines of a scheduling order within forty-five days of the entry of this Order, then the parties are deemed to have consented to the terms of the Alternative Scheduling Order.

**PART II: ALTERNATIVE SCHEDULING ORDER**

The Court directs compliance with the following schedule:

1. Discovery must be completed forty-five (45) days prior to Trial Docket Call. The names and addresses of experts must be exchanged sixty (60) days prior to Trial Docket Call.

2. A Joint Pretrial Order in compliance with Local District Court Rule 16.4 shall be filed, served, and uploaded for Court entry seven (7) days prior to Trial Docket Call. All counsel (or a pro se party) are responsible for preparing the Joint Pretrial Order, which shall contain the following: (a) a summary of the claims and defenses of each party; (b) a statement of stipulated

---

[1] The WebEx attendance information, if applicable, will be posted on the Court's website, www.txnb.uscourts.gov, under the Hearing Dates and Calendar tab for Judge Robert L. Jones prior to the hearing.

facts; (c) a list of the contested issues of fact; (d) a list of contested issues of law; (e) an estimate of the length of trial; (f) a list of additional matters which would aid in the disposition of the case; and (g) the signature of each attorney (or pro se party).

3.  Each exhibit shall be marked with an exhibit label. Except for impeachment documents, all exhibits, along with a list of witnesses to be called, shall be exchanged with opposing counsel (or pro se party) fourteen (14) days prior to Trial Docket Call. Each party shall also file a list of exhibits and witnesses fourteen (14) days prior to Trial Docket Call. All exhibits not objected to in writing by Trial Docket Call shall be admitted into evidence at trial without further proof, except for objections to relevance. Written objections to exhibits will be taken up either at the beginning or during the course of the actual trial or at any pretrial conference.

4.  Written Proposed Findings of Fact and Conclusions of Law shall be filed seven (7) days prior to Trial Docket Call. Trial briefs shall be filed addressing contested issues of law seven (7) days prior to Trial Docket Call.

5.  Unless otherwise directed by the Presiding Judge, all dispositive motions must be heard no later than fourteen (14) days prior to Trial Docket Call. Accordingly, all dispositive motions must be filed no later than forty-five (45) days prior to Trial Docket Call, unless the Court modifies this deadline.

6.  All parties and counsel must certify to full compliance with this Order at Trial Docket Call. If a resetting is allowed by the Court, the Trustee shall notify all other parties and shall file with the Clerk a certificate of service indicating the manner, date, and to whom notice was given.

7.  If the case is reset, all the deadlines in Part II nos. 1 through 5 will be shifted to the newly scheduled Trial Docket Call date in the absence of a contrary Court order.

8.  Sanctions may be imposed for failure to comply with this Order.

### End of Order ###